EDWARD BARTLETT, Admr.

*v.*

THE CICERO LIGHT, HEAT AND POWER COMPANY.

*Opinion filed December 21, 1898.*

1. RECEIVERS—*damages for torts of corporation receivership are part of operating expenses.* Damages to persons or property occasioned by the negligence of the receiver's servants are part of the operating expenses of the corporation for which the receiver is acting, and, as such, are payable out of the net income, or, if necessary, out of the body of the property.

2. SAME—*claims for torts during receivership follow the fund.* In the absence of personal fault a receiver of a corporation is not personally liable for torts occurring during receivership, and claims for damages based on such torts follow the property, and may be enforced against the custodian thereof. (*McNulta* v. *Lockridge,* 137 Ill. 270, explained.)

3. SAME—*when corporation is liable for torts during receivership.* A corporation having received its property back upon the discharge of its receiver is liable in damages for torts occurring during the receivership, to the extent to which the net income was applied by the receiver to the permanent improvement of the property.

*Bartlett* v. *Cicero Light, Heat and Power Co.* 69 Ill. App. 576, reversed.

WRIT OF ERROR to the Appellate Court for the First District;—heard in that court on appeal from the Circuit Court of Cook county; the Hon. CHARLES G. NEELY, Judge, presiding.

This is an action begun in the circuit court of Cook county on December 10, 1895, by plaintiff in error against the defendant in error to recover damages for the death of plaintiff's intestate, alleged to have occurred through the negligence of the defendant in error, as set up in the declaration. The declaration consists of three counts, in each of which it is alleged, that plaintiff's intestate came to his death while in the employment of a receiver, who was in control of the plant of the defendant in error. A demurrer was filed to the original declaration, and sustained. To the amended declaration a demurrer was also

filed, and sustained. Plaintiff elected to stand by the amended declaration, and thereupon judgment was entered in favor of defendant in error for costs. An appeal was taken from this judgment to the Appellate Court, where the judgment of the circuit court was affirmed. The present writ of error is prosecuted from such judgment of affirmance.

The declaration alleges, that, on and before December 27, 1893, the defendant below, the Cicero Light, Heat and Power Company, the defendant in error here, was a corporation, organized under the laws of Illinois, and engaged in the business of supplying electric light, and constructing and selling electrical machines, and conducting an electrical plant near Austin in Cook county, in which were run engines of great power, and dynamos for the generation of electricity, from which were conducted wires, charged with powerful currents; that, on September 30, 1893, in the case of *American Trust and Savings Bank* v. *Cicero Light, Heat and Power Co.*, the superior court of Cook county appointed C. S. Burton receiver of said company; that said receivership continued until May 25, 1894, when the receiver was discharged by a stipulation between the parties to the suit, and was directed to turn over all the property and assets of the company to the company itself; that the cause, in which the receiver was appointed, was then dismissed without costs; that, on December 27, 1893, the plaintiff in error's intestate, Edward J. Bartlett, Jr., a lad of seventeen years of age, was employed by the receiver and his agents to do work in the electrical plant; that the said Edward J. Bartlett, Jr., was inexperienced in the work of an electrician, and in the labor and services required in the plant; that the plant was a dangerous place for one so inexperienced in such labor and services; that the defendant in error, before the appointment of the receiver, had placed in its plant defective and improperly constructed machinery, in the selection, procurement and setting up of which

proper care had not been exercised; that said defective machinery was being run and propelled in said plant by the receiver and his employes at the time of the killing of plaintiff's intestate; that, through the negligence of defendant in error and its improper conduct, carelessness and recklessness, the said Edward J. Bartlett, Jr., came into contact with a wire, charged with a powerful current of electricity, and received therefrom such an electrical shock, that he was then and there killed. The allegations above set forth are those of the first count in the amended declaration.

The second count further avers, that it was the duty of the employers of the deceased to see to it, that he was not exposed to danger, arising from the structure of the building or machinery, or the nature of the business conducted therein, which an older and more experienced operative of ordinary intelligence and experience would perceive, and to give him sufficient instruction to enable him to avoid danger and perils, the nature of which he did not know or could not properly appreciate, if he did nominally know, and to which a prudent and right-minded master would not have allowed him to be exposed; that his employers neglected their duty, and did not properly look out for him, and give him the instructions above referred to, but allowed him to remain alone in a room where there were engines, dynamos, unprotected flywheels and wires, charged with powerful currents of electricity; that his death was not caused by his own fault or negligence or that of any of his fellow-servants, but solely by the carelessness and negligence of the said receiver and his agents.

The third count, in addition to the averments in the other counts, further avers that the receiver and his agents, for whose acts and conduct in the control of the business of the company the company was responsible, so negligently managed said plant and the machinery therein, that thereby the deceased came in contact with

one of the live wires therein, and received the shock which caused his death.

All the counts of the amended declaration contain the allegation quoted in the opinion.

JAMES A. FULLENWIDER, and CYRUS J. WOOD, for plaintiff in error:

The appointment of a receiver to manage the business of a corporation does not dissolve the corporation, which still exists with its powers not enlarged or restricted, and may still exercise its franchises. Its capacity of being sued is not affected. The receiver is legally the agent of the company, although under the direction of the court. The title to the property is not affected. *Heffron* v. *Gage*, 149 Ill. 182; *Insurance Co.* v. *Swigert*, 135 id. 176; *Safford* v. *People*, 85 id. 558; *Railroad Co.* v. *Beggs*, 85 id. 86; *Wyatt* v. *Railroad Co.* 10 Ill. App. 289; *Railroad Co.* v. *Fitch*, 20 Ind. 499; *Kincaid* v. *Dwinelle*, 59 N.Y. 548; Beach on Receivers, sec. 335; 20 Am. & Eng. Ency. of Law, 125, and cases cited.

Where the receiver is discharged and the property restored, with improvements, the company is liable for accidents during the receivership. Cook on Stockholders, (3d ed.) sec. 875, note 2, pp. 1447, 1448; *Brown* v. *Railway Co.* 15 S.W. Rep. 120; *Railway Co.* v. *Geiger*, id. 214; *Railway Co.* v. *Bloom*, 20 id. 133; *Railroad Co.* v. *VanSlike*, 167 Ind. 480.

If, during the receivership, the net income is applied to the permanent improvement of the railroad property, and the receiver is afterwards discharged and the road again turned over to the company, then the company is liable for torts during the receivership to the extent of such net income so applied. *Railroad Co.* v. *Johnson*, 76 Tex. 461; *Railroad Co.* v. *White*, 18 S. W. Rep. 481; 20 Am. & Eng. Ency. of Law, 389.

After the discharge of the receiver he is not liable for personal injuries caused by the negligence of his employees, but the purchaser is liable in an action at law.

High on Receivers, (2d ed.) sec. 398 *b;* Beach on Receivers, secs. 720, 735; *Railroad Co.* v. *Davis,* 62 Miss. 271.

Damages for injuries to persons or property during the receivership, caused by torts of the receiver's agents and employees, are classed as operating expenses, and are accorded the same priority of payment as belongs to other necessary expenses of the receivership. 20 Am. & Eng. Ency. of Law, 385, and cases cited; *Green* v. *Railroad Co.* 24 S. E. Rep. 814; *Sloan* v. *Railroad Co.* 62 Iowa, 728; *Railroad Co.* v. *McFadden,* 32 S. W. Rep. 18; *Yoakum* v. *Kroeger,* 27 id. 953.

CUTTING, CASTLE & WILLIAMS, for defendant in error:

When a railroad is in the hands of a receiver, who has full possession of its property and entire charge of its affairs, the corporation itself is not liable for damages or injury caused by the acts or negligence of such receiver or of his agents or employees. *Railroad Co.* v. *Brown,* 17 Wall. 445; *Davis* v. *Duncan,* 19 Fed. Rep. 477; *Metz* v. *Railroad Co.* 58 N. Y. 61; *Leathers* v. *Bank,* 40 Me. 386; *Godfrey* v. *Railroad Co.* 116 Ind. 30; *Railway Co.* v. *Stringfellow,* 44 Ark. 322; *Turner* v. *Railroad Co.* 74 Mo. 602; 20 Am. & Eng. Ency. of Law, 387.

In the absence of an absolute liability created by statute the corporation itself cannot be held responsible for the negligence of servants of a receiver operating a railroad over whom it has no control. The receiver's possession is not the possession of the corporation, but is antagonistic thereto, and the company cannot control either the receiver or his employees. *Railway Co.* v. *Anderson,* 10 Ill. App. 313; *Railway Co.* v. *Davis,* 23 Ind. 553; *Wyatt* v. *Railway Co.* 10 Ill. App. 289; *Fletcher* v. *Weston,* 10 Allen, 9; *Felton* v. *Deall,* 22 Vt. 170.

The corporation itself, having no control over either the receiver or his servants, is not, in the absence of an absolute liability imposed upon the company by statute, responsible for the negligence or torts of the employees

of the receiver, and no suit for damages occasioned there-
by can be maintained.     *McNulta* v. *Lockridge,* 137 Ill. 270.

Mr. JUSTICE MAGRUDER delivered the opinion of the
court:

The main question, presented by the demurrer to the
amended declaration in the present case, is this: Where
a corporation has been placed in the hands of a receiver,
and an injury or death has been caused by the negligence
of the receiver while he is operating the property of
the corporation; and where, by stipulation between the
parties, the receiver is discharged, and the property is
restored to the possession of the corporation, can the
corporation itself be held liable for damages for the in-
jury so received during the receivership? As a general
rule, a corporation, while its property is in the hands of
a receiver, has no control over either the receiver or his
servants, and, therefore, in the absence of any liability
imposed by statute, is not responsible for the negligence
or torts of the employes of the receiver; and no suit for
damages occasioned thereby can be maintained against
the corporation itself. But there is an exception to this
rule which will be hereafter stated.

The amended declaration in this case contains the fol-
lowing averment: "And the plaintiff avers further, that
during the receivership the said receiver had the entire
management and control of the business of the defendant
company, collected large sums due it, sold its bonds and
other property, and applied the receipts to the running
of the business of the company and to the improvement
and betterment of the company's property, and that the
said property at the close of the receivership was with-
out reservation turned back into the possession of the
company."

We do not deem it necessary to discuss any other of
the points made, or questions raised by counsel, except
that suggested by the averment of the declaration above

quoted.    In view of this averment, we are of the opinion
that the court below erred in sustaining the demurrer to
the declaration.

The receiver holds the property in his possession as
an officer of the court.    But the appointment of the re-
ceiver does not dissolve the corporation.    The corpora-
tion still remains in existence, and is still clothed with
its franchises.    The appointment of the receiver merely
gives him the temporary management of the corporation
under the direction of the court, instead of leaving it un-
der the direction of the manager appointed by the direct-
ors of the corporation. (*Bloomfield Railroad Co.* v. *VanSlike*,
107 Ind. 480; *Ohio and Mississippi Railway Co.* v. *Russell*, 115
Ill. 52; *Heffron* v. *Gage*, 149 id. 182; *Safford* v. *People*, 85 id.
558; *Toledo, Wabash and Western Railway Co.* v. *Beggs*, 85 id.
80).  By the appointment of the receiver the corporation's
capacity of being sued is not affected.    The receiver is
legally the agent of the company, although under the
direction of the court; and the title to the property is
not divested by his appointment.    (Ibid).

Damages for injuries to persons or property during
the receivership, caused by the torts of the receiver's
agents and employes, are classed as a part of the oper-
ating expenses of the corporation. (20 Am. & Eng. Ency.
of Law, p. 385, and cases cited in note 1; *Green* v. *Coast
Line Railroad Co.* 97 Ga. 15; *Sloan* v. *Central Iowa Railway
Co.* 62 Iowa, 728; *Missouri, etc. Railroad Co.* v. *McFadden*, 89
Tex. 138; *People* v. *Yoakum*, 7 Tex. Civ. App. 85).  Such dam-
ages, being part of the operating expenses, are accorded
the same priority of payment as belongs to other neces-
sary expenses of the receivership, and "will be paid out
of the net income if that is sufficient, but in the event of
a deficiency they will be paid out of the *corpus.*" (20 Am.
& Eng. Ency. of Law, p. 385, and cases in note).

Where the net income derived from the business dur-
ing the receivership is diverted from the payment of such
operating expenses, and applied to the permanent im-

provement of the property of the corporation, and the. receiver is afterwards discharged, and the property is again turned over to the corporation, in such case the corporation is liable for torts during the receivership to the extent of the net income so applied. (20 Am. & Eng. Ency. of Law, p. 389). In *Texas and Pacific Railway Co.* v. *Johnson,* 76 Tex. 421, it was held, that a claim for damages, caused by injuries inflicted through the negligence of a receiver while he was operating a railway, was entitled to payment out of the current receipts; that, if the current earnings be invested by the receiver in the betterment of the road, which without sale was returned to the company with its other property at the close of its receivership, then the company must be held to have received the property, charged with the satisfaction of any claim which the receiver ought to have paid out of the earnings. (*Texas, etc. Railroad Co.* v. *Bailey,* 83 Tex. 19).

The receivers in such cases are not personally liable upon their discharge for claims of this character, but the claims follow the property or fund which alone can be used to satisfy them. (Gluck & Becker on Receivers of Corporations,—2d ed.—sec. 93, pp. 494, 495). Not merely claims arising out of contracts, but claims for torts, arising through the negligence of the receivers or their subordinates, thus follow the property or fund. (Ibid.)

Where the earnings of the road have thus been invested in betterments upon it, and the receiver has been discharged, and the property has been returned to the owner with such improvements, it necessarily follows that the company must be liable, because the receiver, by virtue of his discharge, ceases to be liable. (*Texas and Pacific Railway Co.* v. *Comstock,* 83 Tex. 537; *Boggs & Bro.* v. *Brown,* 82 id. 41; *Texas and Pacific Railway Co.* v. *Johnson,* 76 id. 421; *Brown* v. *Gay,* 76 id. 444). "Where the receiver is discharged, and the property restored with improvements, the company is liable for accidents during the receivership." (2 Cook on Stock and Stockholders and

Corporation Law,—3d ed.—sec. 875, note 2, pp. 1447, 1448, and cases there cited).

If such were not the law, great and irreparable injustice would be done in many cases. As a receiver is not personally liable for the torts of his servants, but only liable in his official capacity, and as the damages for such torts cannot be recovered in suits against him personally or collected on execution against his individual property, a judgment, rendered while the receiver is in possession, should provide for its payment out of the trust fund or the property in the hands of the receiver or under his control. (*McNulta* v. *Lockridge*, 137 Ill. 270). In the case at bar, suit has not been brought against the receiver, but has been brought against the company, to which the trust fund or property was restored after the discharge of the receiver. In the absence of all personal liability on the part of the receiver, there is no reason why the trust fund or property should not be liable, as well after the discharge of the receiver, as while he is in office. Where the receiver has returned the property to the company, the fund or property remains the same, and the only difference in the circumstances is, that it is in the possession of the company instead of being in the possession of the receiver. In the case at bar, if the plaintiff has no remedy for the death of his intestate against the company, then he has no remedy at all, inasmuch as the receiver, during whose administration the death occurred, has been discharged from his office, and cannot be held personally liable.

The doctrine above announced has been well stated, and has been placed upon correct grounds, by Thompson in his Commentaries on the Laws of Corporations, (vol. 5, sec. 7151), where the author says: "The receiver becomes the new custodian of a property which was before, in a sense, a trust property in the hands of the corporation. In the management of this trust property, negligences are committed by his servants, for which, under the settled

principles of law, the receiver is liable,—not personally except where he has been guilty of personal fault,—but out of the trust funds in his hands. The liability is then essentially a liability of the fund, and not of the custodian. When, therefore, the fund is transferred to a new trustee, whether it be to a new and re-organized corporation created by the purchasers at a mortgage sale for the purpose of receiving and operating the property, or whether it be the original corporation, its former owner, to whom it is re-delivered under a new arrangement, it is the case of a trust property, to which a liability has attached, passing into the hands of a new trustee. The trust property continues liable; but from the very nature of the case, any action brought to charge it must, if the receiver has been discharged prior to the bringing of the action, be brought against the corporation which is its custodian,—that is to say, against the new trustee."

It is contended by counsel for defendant in error, that a contrary doctrine to that here announced has been laid down by this court in the case of *McNulta* v. *Lockridge*, *supra*. But that case is not capable of the construction sought to be given to it. It is true, that general expressions are there used to the effect, that the corporation is not responsible for the negligence or torts of the employes of the receiver; but such expressions are to be understood as applying to the facts of the case. It was there held, that an action can be maintained against one receiver for the torts of the servants of a preceding receiver; that the liability is enforcible against the fund, which is the subject of the trust, and follows such fund; that the judgment in such a case is in the nature of a judgment *in rem*, the *res* being the matter of the receivership, and that the plaintiff should not be deprived of his action and of the right of trial by jury because one receiver has succeeded another. The reasoning of the court in the *McNulta case* lends support to the doctrine, that a company, which receives its property back from the re-

ceiver improved and bettered, and after such property has been managed and operated for some time at an expense paid by the receiver out of the property, cannot escape liability for the torts of the receiver's agents or employes.

If the corporation desires to set up that it is only liable for claims of this character to the amount of the net income during the receivership which has been applied to the improvement and betterment of the property, the fact of the payment of such claims to an amount equal to the value of the improvements, if such fact exists, presents a question which the corporation must raise by the pleadings. (20 Am. & Eng. Ency. of Law, p. 390, and cases cited in note 1).

The judgments of the Appellate Court and of the circuit court of Cook county are reversed, and the cause is remanded to the latter court with directions to proceed in accordance with the views herein expressed.

*Reversed and remanded.*