Frank C. Rathje, Appellant, v. Clarence Serb et al.,
Appellees.
Committee for the Protection of the Holders of the
Foreman Trust and Savings Bank et al., Appel-
lants, v. Clarence Serb et al., Appellees.

Gen. No. 38,501.

Opinion filed November 4, 1936.

LEVINSON, BECKER, PEEBLES & SWIREN, CROWE, GOR-
MAN, SHERIDAN, MULDER & WESSELINK and JOHN C.
TUCKER, all of Chicago, for appellants; BENJAMIN V.
BECKER and DON M. PEEBLES, of counsel.

McINERNEY, EPSTEIN & ARVEY, of Chicago, for cer-
tain appellee; JOHN L. McINERNEY, LOUIS M. MANTYN-
BAND and SIDNEY R. ZATZ, all of Chicago, of counsel.

SHULMAN, SHULMAN & ABRAMS, of Chicago, for cer-
tain other appellee; MEYER ABRAMS, of counsel.

Mr. Justice Hall delivered the opinion of the court.

There are two appeals here from an order entered in the superior court of Cook county on July 13, 1935. This opinion will cover both appeals. The order referred to, together with the court's finding, is as follows:

"This cause coming on again to be heard on the petition of Frank C. Rathje, Successor Trustee, the petition of the Committee for the protection of the holders of the Foreman Trust and Savings Bank as Trustee, First Mortgage Participation Certificates, and upon the objections thereto, and the prayer therein for the removal of a Successor Trustee and upon the evidence heretofore taken in open court, and the arguments of counsel, which were considered and held under advisement of the Court to this date, and the Court having examined the pleadings and the records in said cause and having given due consideration to the matters pending before it, Finds:

"(1) That Frank C. Rathje was appointed Successor Trustee by decree of this Court and that by the terms of the decree it was provided as follows:

"'Frank C. Rathje, as Successor Trustee, shall act in said capacity under supervision of this Court, and the Court retains jurisdiction of the cause for the purpose, among other things, of supervising the management, control and conduct of the affairs of the trust estate, and the Court further retains jurisdiction of all the *res* thereof. Frank C. Rathje, as Successor Trustee, under direct supervision of this Court shall continue to manage, control and direct the affairs of the said trust estate until the further order of this Court, and this Court retains jurisdiction of this cause for the purpose of determining each and every question which may arise under the terms of said indenture of trust and specifically for the purpose of determining the questions presented by the cross bill of Com-

mittee heretofore filed in this cause, and all other questions relating to the sale of the *res* of said trust estate.'

"(2) Thereafter the said Committee filed its petition for approval of plans of reorganization and said Successor Trustee filed his application to sell the trust assets pursuant to said plan of reorganization, and certain beneficiaries of the trust appeared in court, objected to the plans, and sought the removal of the Successor Trustee for malfeasance and misfeasance in office and also to enjoin the Committee from carrying out its plans.

"(3) Among the charges made against the Trustee, it was called to the attention of the Court the fact that on January 17, 1933, a decree was entered finding certain parties guilty of fraud, and decreed and adjudicated that the Foreman Trust and Savings Bank in its corporate capacity, and A. G. Becker & Co., the issuing house, were severally obligated to reimburse and account to the Successor Trustee for the benefit of the trust estate the principal amount of $418,500.00, together with interest on the several trusts in the respective amounts of $42,500.00, $122,500.00, $67,-500.00, $186,000.00, making a total of $837,000.00, less credits for interest on funds collected to be ascertained upon a final accounting; that thereafter the defendants prosecuted an appeal, which was later dismissed, and the Successor Trustee executed a release of error, and thereafter on July 12, 1933, the Successor Trustee and the Committee joined in a consent decree to vacate the former decree, and to release the said bank and A. G. Becker & Co. from the foregoing obligations upon a pretended settlement, and obtained fees by virtue of the last decree in the amount of $63,000.00, but that the objectors contend that the second decree was a nullity due to the fact that the Court was without jurisdiction after the entry of the final decree

to modify or vacate its decree, and that the Trustee was without authority to release anything on behalf of the beneficiaries of the trust, and its acts were therefore null and void.

"(4) That while the matter was pending under the consideration by this court, and while said Successor Trustee acted as the officer of this Court under its exclusive jurisdiction, and after he and the Committee have both invoked the jurisdiction of this court to consider the plan of reorganization for the purpose of depriving this court of its jurisdiction and to remove the *res* from the control of the court, the said Committee and Successor Trustee without the consent and approval of this court, filed their petitions in the District Court of the United States for the removal of the trust estate from this Court for the purpose of depriving it from passing upon the merits of the plans submitted to it, and they also sought to obtain the approval of the same plan in the Federal Court, and to escape thereby from the adjudication on the merits thereof by this Court.

"(5) That the Successor Trustee, the officer of this Court, did thereafter appear in the District Court of the United States, and presented his petition for an injunction to restrain this Court from proceeding against the officer who was appointed by it, and under whose supervision and control he was, and he thereby interfered with the due administration of justice, and tended to place this Court into disrepute.

"(6) That in order to protect the jurisdiction of this Court as well as its dignity and to preserve the trust property it is necessary to remove the Successor Trustee and to appoint a Successor in his place.

"It is therefore ordered, adjudged and decreed that Frank C. Rathje be and is hereby removed forthwith as Successor Trustee of the trust described in the decree heretofore entered in this cause, and the Trust

Company of Chicago be and is hereby appointed Successor Trustee under the same power and authority as was heretofore vested in said Frank C. Rathje as Successor Trustee under the decrees heretofore entered in this cause, and the said Successor Trustee upon the filing of the acceptance and a bond in the sum of $100,000.00 may take any and all steps necessary for the purpose of enforcing the terms of the original decree, and the said Frank C. Rathje, his agents and attorneys, be and are hereby directed to forthwith deliver to the Successor Trustee all of the trust property of every nature and description, and to file a final account within 20 days from the date hereof, and the Court reserves jurisdiction to pass upon such final account and to thereafter release him from his bond.''

Appellants seek the reversal of this order.

It is stated in the brief of appellants that the order appealed from was entered on the court's own motion. This statement is not contradicted, and in view of the fact that nothing appears in the record to the contrary, we will assume that such is the fact.

As stated, two appeals were taken from this order. They are numbered 38,501 and 38,529 in this court. By order of this court, the two appeals have been consolidated for the hearing. A motion to dismiss the appeals was made by the Trust Company of Chicago, the successor trustee appointed by the court in the order hereinbefore set forth. This motion has been reserved to the hearing. In case No. 38,501 in this court, the notice of appeal was filed by William T. Bruckner, Burt C. Hardenbrook, A. K. Selz and David B. Stern, described as the Committee for the protection of the holders of the Foreman Trust & Savings Bank, as Trustee, First Mortgage Participation Certificates. In case No. 38,529 in this court, the notice of appeal was filed by Frank C. Rathje.

On the 1st day of August, 1927, an instrument described as "An Indenture of Trust" was entered into between the Foreman Trust & Savings Bank and A. G. Becker & Co. As shown by the record, the substance of this agreement is that the Foreman Trust & Savings Bank, as trustee, agreed to receive certain funds from A. G. Becker & Co., and to invest such funds in notes secured by first real estate Mortgages on improved real estate in the county of Cook and State of Illinois. By the terms of this agreement, certificates were to be issued by the trustee indicating certain stated beneficial interests in these notes and mortgages, which were to be sold to the general public, and these certificates so issued, as stated, were to be and were secured by first mortgages to be purchased by the trustee. In pursuance of the contract referred to, A. G. Becker & Co. deposited with the Foreman Trust & Savings Bank, in three separate series, the sum of $6,000,000. A large amount of these certificates were issued and sold to the general public. Defaults were made in interest payments due on these notes, and a bill was filed in the superior court of Cook county by certain certificate holders, which charged that the Foreman Trust & Savings Bank, and others named, were guilty of misconduct. The bill sought an accounting, the removal of the trustee, and the appointment of a successor trustee. The agreement between the Foreman Trust & Savings Bank and A. G. Becker & Co., upon which this whole proceeding is predicated, contains the following provision:

"Anything in this Indenture contained to the contrary notwithstanding, the holders of a majority in amount of the Certificates then outstanding of the series for the security of which said securities are pledged shall have the right to direct and to control the method and place of conducting any and all proceedings taken under or subject to this Indenture with

respect to said securities or the enforcing of the rights and remedies relating to such series."

By a decree entered on January 17, 1933, it was ordered that the Foreman Trust & Savings Bank be removed as trustee, and that Frank C. Rathje be appointed as successor trustee. The record indicates that thereafter on July 12, 1933, by agreement of the parties, a second decree was entered in the cause which reaffirmed the appointment of Rathje as successor trustee, and provided for the settlement of certain matters which, in the original decree, had been left open for an accounting. By each of these decrees, the court ordered:

"That Frank C. Rathje be, and he hereby is, appointed Successor Trustee with all the rights, title, powers, duties and discretion vested in the Trustee under the terms and provisions of said written agreement or Indenture of Trust dated as of August 1, 1927."

It is stated, and it seems not to be denied that prior to the filing of the original bill in this cause, more than 95 per cent of the certificate holders in number and amount had deposited their certificates with a committee consisting of Burt C. Hardenbrook, William T. Bruckner, A. K. Selz and David B. Stern, with the power to act for the benefit of all the depositing certificate holders under the terms of the original agreement between A. G. Becker & Co. and the Foreman Trust & Savings Bank.

Subsequent to his appointment as successor trustee, Rathje had made various reports to the court of his acts and doings as such trustee, and he had prayed for and received orders from the court as to his course of conduct and procedure in these matters. Thereafter, this committee apparently concluded that the trust could be more properly and effectively reorganized under section 77-B of the Federal Bankruptcy

Act, and accordingly directed the successor trustee to file a petition in the United States Court on May 13, 1935, for reorganization under the provision of that act. Such a petition was filed by the trustee in accordance with these directions. Thereafter, and on May 14, 1935, the judge of the superior court of Cook county who had entered the order appointing Rathje successor trustee called the parties before him, including Rathje, and after examining Rathje, entered the order for his removal as successor trustee, because he had filed this petition in the Federal court without leave of court, and the court appointed the Trust Company of Chicago, trustee, as indicated by the order appealed from.

Briefs are filed here by two "appellees." One of them is Vernon Tetzke, and as to him, the abstract contains the following:

"Petition alleges that the Successor Trustee and the Committee have combined to carry out a reorganization plan which will deprive the certificate holders of the true value of their securities, and is a part of a scheme of the Committee to control the property of the Trust for a long period of years; that the Trustee is aligned with the Committee and is proposing to sell the property at less than its fair value, and is not performing his duties; and prays for leave to file his petition and intervene, for an appraisal of the property, fixing of an upset price by the Court, that the Trustee, be directed to bid the upset price at sale; and for an audit of the books of the Trust."

The abstract indicates that the answer of the "committee for the protection of the holders of the Foreman Trust & Savings Bank, as trustee, First Mortgage Participation Certificates," to this petition is as follows:

"Answer denies any combination or conspiracy with the Trustee; alleges that it has cooperated with the

Trustee in the management of the property; states that the outstanding taxes and difficulty in financing makes a reorganization necessary; alleges that no control is retained by the Committee under the plan of reorganization; alleges that the Successor Trustee is without power or authority to purchase the assets of the Trust for the reason that he now has full and complete title to said assets; alleges that Vernon Tetzke purchased his certificates two and a half years after default occurred in the payment of interest and filed his petition in bad faith after having acquired the certificates for the purpose of attempting to interfere with a reorganization.''

The other ''appellee,'' The Trust Company of Chicago, is the successor trustee appointed by the order appealed from. No one interested in the subject matter of the litigation, other than these persons, appears here in an effort to uphold the order of the court in removing the successor trustee, and in appointing his successor. The order by which Rathje was appointed successor trustee is not in the record, and we have only the recital of the court in the order removing him to indicate that the court assumed to retain power and control over his actions by the order appointing him.

The record indicates that the United States court has assumed jurisdiction of the matters and things in issue, and it is not for a State court to determine whether or not the Federal court should or should not have assumed jurisdiction in the case. That is a matter for the Federal court to determine.

On the question as to whether or not Rathje should have been removed for his action, we cite the case of *Nevitt v. Woodburn,* 190 Ill. 283, wherein a trustee had been appointed by the will of George W. Woodburn, Sr., to execute a certain trust created by the will. A bill was filed in the circuit court of Whiteside county

seeking the removal of the trustee. The original trustee appointed by the will had been removed by the court, and a successor trustee appointed. Subsequently, an action for an accounting was brought against the successor trustee. As a defense to this action, he made the defense that, inasmuch as he was an officer of the court and occupied the same relation as a receiver appointed by the court, he could not be made to account for his acts and doings in connection with the administration of his trust in any other court than in the court which appointed him successor trustee. Upon this point, the court held:

"But the defense chiefly relied on below and urged upon us as sufficient ground for the reversal of the decree is, that the appellant Nevitt, having been appointed by the court trustee to execute the trust created by the will, was to all intents and purposes a receiver of the court, and that having reported to and acted in pursuance of the orders and directions of the court in the cause wherein he was appointed, his acts as such officer cannot be called in question in any other cause, and that it is a contempt of court to bring suit against a receiver without first having obtained permission of the court and in the cause in which he was appointed. The general doctrine contended for by the appellants as applicable to receivers need not be denied, but we are of the opinion that Nevitt did not occupy the position of receiver, but only that of trustee charged with the duty of executing the trust created by the will and in the manner provided by that instrument. A receiver is a person standing indifferent between the parties, appointed by the court to receive and preserve the property or fund in litigation pending the suit. He is an officer of the court, appointed for a temporary purpose, and has no powers except those conferred on him by the order by which he is appointed, and such as are derived from the established practice of courts

of equity. Property in his possession is *in custodia legis,* his possession being that of the court which appointed him. *(Baker v. Backus,* 32 Ill. 79; High on Receivers, 2; 20 Am. & Eng. Ency. of Law, 11; *Hooper v. Winston,* 24 Ill. 354.) But a trustee may be appointed by will, deed or in other ways, without the order of any court and without a suit pending, and his powers, as a rule, are governed by the instrument creating the trust, and not by decree of court. Property in his possession as trustee is not *in custodia legis,* as in the case of receivers or other officers of the law or of the courts, and he may be called to account by any court of equity obtaining jurisdiction. We find nothing in this record to authorize the conclusion that Nevitt was appointed receiver of the fund in controversy, in the sense contended for, as an officer of the court, but the record, and especially the order appointing him, shows that he was appointed trustee under the will of George W. Woodburn, deceased, and to execute the trust created by the will. In all of his reports, and in his pleadings in the suits to which he was a party, he described himself as such trustee, and not otherwise. True, he was appointed trustee by the court in the suit of Phebe A. Woodburn against Peter Ege, (consolidated with other suits), wherein she sought to compel Ege, the trustee appointed by the will, to account, and also to have him removed; but in appointing him the court merely exercised its undoubted equitable powers over trusts and in the removal and appointment of trustees. Prior to his appointment the court had appointed one Sanborn receiver of the fund without removing Ege as trustee.

"It is said, however, that the order appointing Nevitt required him to perform all of the duties that had devolved upon Sanborn as receiver, and that thereby Nevitt became receiver,—an officer of the court,—and not merely a trustee under the will, in lieu of Ege.

We can not so conclude. In the first place, that part of the order was confined to collections from Ege and the disposition of such collections. The continuation of the receivership, except as to certain matters not then fully settled in the then pending litigation, became unnecessary, except as to such matters, after the appointment of Nevitt as trustee under the will and his assumption of the duties of the trust, but Sanborn continued to act as receiver for some time after Nevitt was appointed. The duties of Nevitt, when appointed, were measured, in character and duration, by the trust itself,—not by the orders of court entered in the then pending suit. Receivers may be, and often are, appointed to take possession of the fund from the trustee in order to preserve it pending a suit for the removal of and an accounting by such trustee. In such a case it could not be said, either that the receiver was the trustee or that the trustee was the receiver. Nor could it be said, after the removal of the trustee and the appointment of another and the discharge of the receiver, that the new trustee was a receiver and not liable to be called on to account except by application to the court in the cause in which he was appointed. The practice, in equity, in such cases is too well understood to require citation of adjudicated cases.''

The powers and duties of the original trustee and necessarily the successor trustee were fixed and determined by the trust agreement. Evidently the original trustee was removed for not performing its duties. The record indicates that Rathje's appointment as successor trustee was ratified by all of the parties in interest, inasmuch as it appears that the second decree entered in the cause ratifying the appointment, was entered by consent of all these parties. The parties in interest, under the terms of the trust agreement, directed Rathje to file the petition in the Federal court, and in doing so, he was only performing his duty, as defined in the trust agreement.

We are of the opinion that the court was in error in removing him for doing what it was his duty to do. Therefore, the judgment and order of the superior court of Cook county removing him and appointing the Trust Company of Chicago as successor trustee, is reversed. In view of this holding, it will not be necessary to pass upon the motion to dismiss the appeals.

*Reversed.*

DENIS E. SULLIVAN, P. J., and HEBEL, J., concur.