AMERICAN WELDING & TANK COMPANY v. DeSOTO BREW-
ING COMPANY.

170 So. 449.
Opinion Filed December 11, 1936.

*J. Tom Watson,* for Plaintiff in Error;

*Mabry, Reaves, Carlton & White,* for Defendant in
Error.

DAVIS, J.—DeSoto Brewing Company, as petitioning
debtor, is in liquidation under Subdivision K, Section 77-B
of the U. S. Bankruptcy Act, as amended (Section 207,
Title II, U. S. C. A. 48 Stats. 912). The bankruptcy pro-
ceedings for reorganization or liquidation of the said com-
pany were begun in the U. S. District Court for the South-
ern District of Florida, and an order entered by the court
taking jurisdiction of the petitioner and appointing a re-
ceiver for its affairs under date of May 18, 1935.

This case in the state court presents a claim for a ma-
terialman and mechanic's lien asserted under the Constitu-
tion (Section 22, Article XVI) and laws of Florida. It
was prosecuted to judgment in the lower court, and writ
of error to this court duly taken. A supersedeas order was
obtained and supersedeas bond given. The claim is one
at law for the enforcement of a statutory lien against cer-

tain personal property, tanks, and real estate of the defendant, constituting a part of its plant. The question required to be decided by us is whether or not we retain jurisdiction to decide the writ of error, notwithstanding the Federal Court bankruptcy proceedings under Section 77-B, *supra.*

We think that a suit in a state court brought to enforce a specific statutory lien for a mechanic's or materialman's claim upon property alleged to have become subject to such lien under the constitution and laws of the state may proceed to a final adjudication of the question involved by the courts of the state whose lien statute is involved, and that the pendency of the bankruptcy proceedings does not oust the jurisdiction of the Supreme Court to decide a writ of error duly taken in such proceedings for the purpose of settling the law of the controversy. See: Brown Shoe Co. v. Wynne, 281 Fed. 807; Norris v. Trenholm, 209 Fed. 827.

The motion to dismiss the writ of error is denied and the respective parties required to file briefs in due course as provided by the rules, beginning as of the date of this order.

WHITFIELD, C. J., and ELLIS, TERRELL, BROWN and BUFORD, J. J., concur.