**73 P.2d 812**

## ANDERSON, et al. v. TEXAS–LOUISIANA POWER CO.

### No. 4283.

Supreme Court of New Mexico.

Nov. 15, 1937.

E. L. Medler and Ove E. Overson, both of Hot Springs, for appellants.

Edward C. Wade, Jr., and Jones, Hardie, Grambling & Howell, all of El Paso, Tex., for appellee.

HUDSPETH, Chief Justice.

The questions raised by this appeal involve the jurisdiction of courts over a corporation and its property in course of reorganization under section 77B of the Bankruptcy Act (11 U.S.C.A. § 207). The appellants, plaintiffs below, sued the Texas-Louisiana Power Company for damages based upon personal injuries alleged to have been received as the result of the negligence of the receivers of said corporation while they were operating an electric light and power plant at Lordsburg, N. M. The trial court held that the allegations of fact setting up the negligence and injuries stated a cause of action, but sustained a plea in abatement on account of lack of jurisdiction by reason of the close of reorganization proceedings in the United

States District Court for the Northern District of Texas under section 77B of the Bankruptcy Act.

In December, 1931, suit was instituted in the United States District Court for the Northern District of Texas in Fort Worth by creditors against the Texas-Louisiana Power Company and receivers of the debtor corporation were appointed. In January, 1932, ancillary bill was filed in the United States District Court for New Mexico, and shortly thereafter ancillary receivers were appointed, who took possession of the assets of the corporation in this state and continued operation of the plant at Lordsburg. On January 24, 1934, plaintiffs' cause of action arose against said receivers. On June 10, 1934, the Texas-Louisiana Power Company filed petition in bankruptcy, cause No. 1734, in the United States District Court at Fort Worth, Tex., under section 77B, and on the same day a trustee was appointed under that section to take title to and possession of all the properties of the debtor corporation wherever situated, and the debtor, its officers, directors, and agents, and each of them, and receivers of the debtor or any of its properties, were required and ordered to forthwith turn over and deliver to said trustee all and singular the properties and rights of the debtor, and the order further provides that "all persons whomsoever are enjoined from instituting or prosecuting any actions, suits or proceedings against the Debtor, or any action, suits or proceedings affecting any property in which the Debtor is interested, without the order and permission of the Judge of this Court". All claims were ordered filed with the trustee on or before August 15, 1934. The order also provided that a notice be published once a week for two successive calendar weeks in newspapers printed in Fort Worth, Chicago, Illinois and New York City. On December 11, 1934, an order of court was entered in cause No. 1734 by the United States District Court at Fort Worth reciting that due notice to all creditors had been given, and approving plan of reorganization, including transfer of assets to "new Corporation."

On March 13, 1935, this suit was filed in the district court of Hidalgo county, N. M., against the Texas-Louisiana Power Company. Neither the receivers nor the trustee were made parties. In April, 1935, the trustee executed and delivered to the Community Public Service Company a conveyance of all assets of Texas-Louisiana Power Company, which deed was filed for record in Hidalgo county May 9, 1935. On July 6, 1936, the trial court sustained a plea in abatement and dismissed this cause.

The appellant maintains that the property of the Texas-Louisiana Power Company, taken over by the Community Public Service Company as its successor corporation, can be held liable for the torts of the receivers of the Texas-Louisiana Power Company during receivership, and that the plaintiffs were not compelled to present their claim and prove it up in the federal court proceedings in Texas. They main-

tain that their action, having grown out of a tort of ancillary receivers, the proper place to adjust their claim when reduced to judgment is in the ancillary court, and failing there to resort to the property that had been in charge of the receivers.

The latest expression of the Supreme Court of the United States brought to our attention appears in City Bank Farmers Trust Co. v. Irving Trust Co., 299 U.S. 433, 57 S.Ct. 292, 294, 81 L.Ed. 324, where the court said: "2. The purpose of section 77B was to facilitate rehabilitation of embarrassed corporations by a scaling or rearrangement of their obligations and shareholders' interests, thus avoiding a winding up, a sale of assets, and a distribution of the proceeds. A salient element in such a reorganization is the discharge of all demands of whatsoever sort, executory and contingent, presently due or to mature in the future."

In Foust v. Munson Steamship Lines, 299 U.S. 77, 57 S.Ct. 90, 91, 81 L.Ed. 49, the court stated:

"Petitioner is the administrator of the estate of Coy E. Foust and, February 1, 1934, commenced an action at law under section 33 of the Merchant Marine Act of [June 5], 1920 [46 U.S.C.A. § 688] in the United States court for the Southern District of New York against the Munson Steamship Lines. His complaint alleges that, February 27, 1930, while deceased was at work for defendant as seaman on its steamship Mundelta, his death was caused by defendant's negligence and, for the benefit of petitioner as surviving father, prays damages in the sum of $15,000. Defendant's answer denies the negligence charged against it and alleges decedent's death was caused by risks assumed and his own negligence.

"June 11, 1934, defendant filed its petition for reorganization under section 77B of the Bankruptcy Act. The petition did not refer to the administrator's claim or to the action brought for its enforcement. Two days after it was filed, the court entered a decree that approved the petition as properly filed, declared the debtor unable to meet its debts as they mature, determined it required relief under section 77B, appointed trustees to take and operate its property and, inter alia, enjoined the institution or prosecution of any action at law against the debtor. * * *

"Section 77B gives to the District Judge power, to be exerted in accordance with its provisions, to alter the rights of creditors or any class of them. Subdivision (b) (10), § 77B (11 U.S.C.A. § 207 (b) (10), declares the term 'creditors' shall include, for all the purposes of the section, the holders of claims of whatever character and whether or not they would otherwise constitute provable claims under the Bankruptcy Act; that the term 'claims' includes debts, securities, other than stock, liens, or other interests of whatever character. Subdivision (h), 11 U.S.C.A. § 207 (h) directs that the final decree shall discharge the debtor from its debts and liabilities. Subdivision (c) (8), 11 U.S.C.A. § 207 (c)

(8), provides that, if a plan is not proposed or accepted or if proposed and accepted but not confirmed, the court may direct the estate to be liquidated. Subdivision (k) (4), 11 U.S.C.A. § 207 (k) (4) upon order for liquidation, authorizes to be proved as provided in section 57 (11 U.S.C.A. § 93) claims provable under section 63 [11 U.S.C.A. § 103], but declares that none of the sections mentioned in subdivision (k) except subdivisions (g), (i), (j), and (m) of section 57 [11 U.S.C.A. § 93 (g, i, j, m)] and subdivisions a and e of section 70 [11 U.S.C.A. § 110 (a, e)] shall apply in proceedings under section 77B unless and until an order has been made directing liquidation of the estate. Mere reading of pertinent parts of the above-mentioned provisions makes it plain that 'creditors' and 'claims' as used in proceedings under section 77B are more comprehensive than in the act before the addition of that section. See American Surety Co. v. Marotta, 287 U.S. 513, 517, 53 S.Ct. 260, 77 L.Ed. 466, 468. Undoubtedly 'creditors,' 'claims' and 'liabilities' to be dealt with in the reorganization proceeding include petitioner, the cause of action he asserts and the judgment he seeks to recover."

An interesting case involving similar questions is that of Van Heukelom et al. v. Black Hawk Hotels Corporation (Iowa) 270 N.W. 16, 20, where the court said:

"The foundation of appellant's claim that the lower court erred in striking the plea in abatement is based upon appellant's contention that the federal court entered an order enjoining the prosecution of claims of all kinds unless filed in the bankruptcy proceedings pending in the federal court, and upon the further ground that in bankruptcy proceedings under section 77B, claims based upon an action in tort can no longer be prosecuted in the state court, and that all such claims must now be filed and prosecuted in the bankruptcy proceedings.

"The difficulty with appellant's contention now is that the order of the federal court enjoining the prosecution of all claims in all other courts was modified so as to permit the prosecution of this action in the state court, but only for the purpose and to the extent of permitting and enabling the appellees, in the event they recover judgment, to use the same for the purpose of collecting on the bond of a liability insurance company and to that extent only, as follows: "'That the applicants have filed a written stipulation * * * that if permitted to proceed with their suit in the state court * * * the judgment recovered therein, * * * will not be used as a claim against the estate of the Black Hawk Hotels Corporation * * * and no execution or other process issued in said action will be levied against or executed upon any property now or formerly belonging to the Black Hawk Hotels Corporation.

"'Administrators * * * are permitted to prosecute their action on said claim in the District Court of * * * Polk County * * * to final judgment, * * * *but they are not permitted to levy upon, or in any manner molest or interfere*

*with or claim against any of the property now or formerly belonging to the Black Hawk Hotels Corporation,* other than to proceed against any liability or casualty company which may be liable under said policy issued covering such a claim.' (Italics ours.)

"Under this order the appellees were especially authorized to continue the prosecution commenced in the state court, and under it the objections to such prosecution no longer exist."

The Iowa court quoted extensively from Foust v. Munson Steamship Lines, supra, including the following: "The power to stay does not imply that it is to be, or appropriately may be, exerted without regard to the facts. The granting or withholding of injunction is left to the discretion of the court."

While the Supreme Court of the United States in Foust v. Munson Steamship Lines, supra, held that the bankruptcy court erred in not granting leave to the administrator to maintain his action at law for damages, it was on the ground that there was no showing that prosecution of the action at law would hinder, burden, delay, or be at all inconsistent with the pending corporate reorganization proceedings. It is for the federal court to say whether it will grant leave to a claimant to prosecute his claim in another court. Rathje v. Serb et al., 287 Ill.App. 142, 4 N.E.2d 750. In Union & New Haven Trust Co. v. Taft Realty Co. et al., 123 Conn. 9, 192 A. 268,

270, the court said: "Whether or not the bankruptcy court will stay foreclosure proceedings in the state court under this section of the Bankruptcy Act is a matter within its discretion which has frequently been exercised by declining to interfere with the action of the state court. In re Murel Holding Corp., supra [(C.C.A.) 75 F.2d 941]; In re Granada Hotel Corp. (D. C.) 9 F.Supp. 909, 28 A.B.R.(N.S.) 90; In re Coney Island Hotel Corp. (C.C.A.2d Cir.) 76 F.2d 126."

Appellants also rely upon the fact that the Lordsburg plant is in a different jurisdiction, but that point is without merit. 6 Am.Jur. 859; In re Greyling Realty Corp. (Troutman et al. v. Compton) (C. C.A.) 74 F.2d 734; Bovay v. H. M. Byllesby & Co. (C.C.A.) 88 F.2d 990; Simon et al. v. Chambless (C.C.A.) 86 F.2d 569; United States v. Tacoma Oriental S. S. Co. (C.C.A.) 86 F.2d 363.

While appellants complain that the ancillary receivers of the Texas-Louisiana Power Company's property in New Mexico were discharged without notice, they do not complain of want of notice of the appointment of the trustee under section 77B or the injunction and order requiring all creditors to file claims before August 15, 1934. Appellants' brief states their position, as follows: "Section 77B specifically defines by classes those who are entitled to share in the plan of reorganization. Holders of claims for tort, in process or suit, which have not been reduced to judgment are not described as creditors."

Clearly appellants are in error. It seems that they were fully advised as to the pending reorganization proceedings under section 77B in the bankruptcy court. Appellants further say: "Upon the facts as disclosed by this plea, the court below held that the plaintiffs were precluded from holding the successor corporation or the assets that it took over by reason of their failure to present their claim to the Federal court in Texas, and that the Texas court had power to adjudicate what claims should be enforceable against the New Mexico property, and had done so in its order barring all claims not filed with it. This holding of the court required dismissal of the action, and judgment to that end was entered and the appeal taken."

There was no request on the part of appellants for time to obtain leave from the judge of the federal court to prosecute this suit. Appellants planted themselves squarely on the proposition that they might ignore the federal court and the pending reorganization proceedings under section 77B in bankruptcy. Appellants cite Butler v. Ellis (C.C.A.) 45 F.2d 951; Fidelity Trust Co. v. Gaskell (C.C.A.) 195 F. 865; Bartlett v. Cicero Light, etc., Co., 177 Ill. 68, 52 N.E. 339, 42 L.R.A. 715, 69 Am.St.Rep. 206; American Welding & Tank Co. v. DeSoto Brewing Co. (Fla.) 170 So. 449. The question of jurisdiction has been settled by the Supreme Court of the United States in the cases heretofore cited. See In re Diana Shoe Corp. (C.C.A.) 80 F.2d 92 as to the right of a tardy claimant.

Finding no error in the record, the judgment of the district court should be affirmed, and it is so ordered.

SADLER and ZINN, JJ., concur.

BICKLEY and BRICE, JJ., did not participate.