432 P.2d 39

**Leah RICHINS, Plaintiff,**

**v.**

**Richard G. MITCHELL and the Industrial Commission of Utah, Defendants.**

**No. 10852.**

Supreme Court of Utah.

Sept. 20, 1967.

McCarthy & Warr, and Laren D. Bates, Salt Lake City, for plaintiff.

Phil L. Hansen, Atty. Gen., A. Park Smoot, Salt Lake City, for defendants.

CROCKETT, Chief Justice:

Leah Richins asks us to reverse an order of the Industrial Commission which denied her claim against Richard G. Mitchell personally, who had employed her in connection with his duties as receiver of the Day-Night Laundercenter No. 33 at 3330 South Main Street, Salt Lake City, Utah.

On March 29, 1963, the district court appointed defendant Mitchell as receiver to operate this laundry business. He hired the plaintiff as a hostess to assist the patrons in the laundercenter. On July 2, 1963, while she was assisting him in repairing an overhead air conditioner it fell and struck her on the head. She went to a hospital to be treated for a laceration and was off work for approximately one hour. Mr. Mitchell continued to operate the business as a receiver until December, 1963, at which time he was discharged and the business turned over to a successor owner. During the receivership plaintiff had not missed any further work nor filed a claim for workmen's compensation. On June 12, 1964, she filed this claim to impose personal liability upon defendant Mitchell. The basis of this claim is that the order appointing him as receiver had charged him with the duty, " * * * to pay all expenses * * * including * * * utilities, *insurance*, property and sales taxes, * * * " [numerous other payments and expenses]; and apparently on the theory that because there was no workmen's compensation insurance in effect, he should be held personally liable.

The question here confronted is whether upon the basis of this record, The Industrial Commission correctly rejected plaintiff's contention as to the defendant's personal liability.

In carrying on his duties as receiver the defendant was acting in a representative capacity as an officer of the court to operate the laundromat and conserve its assets for the benefit of the business and its creditors. Activities carried

on in furthering that objective are those of the business; and liabilities which are incurred in connection therewith are chargeable against the business and its assets, rather than against the receiver personally.[1] It is generally held that the receiver cannot be held personally unless it is shown that he acted outside the scope of his authority, or was guilty of something more than a mere omission in connection with his duties, as is here suggested.[2]

The aspect of the proceeding dealing with that question is stated in summary by plaintiff's brief thus:

At this point, counsel for Richard G. Mitchell raised the question whether the claim of plaintiff was properly against Mr. Mitchell, since he was a receiver of the business. An informal discussion was had on this question and the hearing terminated. Thereafter, the Commission denied plaintiff's claim.

The plaintiff argues that,

The Commission heard virtually no testimony, received no evidence, examined no exhibits, and entertained little

argument before its decision to deny the claim, * * *.

and suggests that "there *may* be some facts" under which defendant Mitchell could be held personally liable for not having carried this insurance. But no suggestion was made as to what those facts might be, nor whether proof of any such facts would be forthcoming if further hearing were had.

█ In the absence of some indication to the contrary, it is presumed that the defendant Mitchell was acting within the scope of his authority and properly discharging his duties as receiver. The burden of making such a contrary showing was upon the plaintiff. It was not up to the Commission either to indulge in conjecture of its own, or to act upon conjecture of the plaintiff, that upon some unspecified proof that might be adduced, the plaintiff would be able to establish a right to recover. Inasmuch as there was no such affirmative showing, the Commission correctly dismissed the petition.

Affirmed. Costs to defendants.

CALLISTER, TUCKETT, HENRIOD and ELLETT, JJ., concur.

1. It is sometimes said that his responsibility is analogous to that of an executor, administrator or guardian. See State ex rel Pope v. Germania Bank, 106 Minn. 164, 118 N.W. 683; 45 Am.Jur. 284.

2. As to when a receiver may be held liable personally, see Annotation 123 A.L.R. 463; Clark on Receivers, Section 392(b) and (c) and cases therein cited; 45 Am. Jur. Section 354, et seq.; Bartlett v. Cicero Light, Heat and Power Co., 177 Ill. 68, 52 N.E. 339, 341, 42 L.R.A. 715, citing Railway Co. v. Johnson, 76 Tex. 421, 13 S.W. 463; McNulta v. Lothridge, 141 U.S. 327, 12 S.Ct. 11, 35 L.Ed. 796.